COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




MIGUEL ALVARENGA,


 Appellant,


v.



THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-08-00183-CR



Appeal from the


120th Judicial District Court


of El Paso County, Texas 


(TC# 20080D00891) 



MEMORANDUM OPINION


 Miguel Alvarenga attempts to appeal his conviction for terroristic threat, a lesser included
offense. Finding that Appellant has no right to appeal, we dismiss the appeal.

 Rule 25.2(a)(2) governs the defendant's right to appeal in a criminal case:

 A defendant in a criminal case has the right of appeal under Code of Criminal
Procedure article 44.02 and these rules. The trial court shall enter a certification
of the defendant's right of appeal each time it enters a judgment of guilt or other
appealable order. In a plea bargain case--that is, a case in which the defendant's
plea was guilty or nolo contendere and the punishment did not exceed the
punishment recommended by the prosecutor and agreed to by the defendant--a
defendant may appeal only:


 (A) those mattes that were raised by written motion and filed and ruled
on before trial, or


 (B) after getting the trial court's permission to appeal.


Tex.R.App.P. 25.2(a)(2).


 Appellant filed a timely notice of appeal, but did not include the trial court's certification
of his right to appeal as required by Rules 25.2(a)(2) and 25.2(d). The clerk's record was filed in
this Court on June 16, 2008. The record contains a certification, signed by the trial court,
indicating that Appellant has no right to appeal. By letter dated June 17, 2008, the clerk of this
Court notified Appellant that the certification indicated that he had no right of appeal in this case
and requested a response. Appellant's attorney has responded to the Court's notice, and has
agreed that Appellant voluntarily waived his right to appeal when he entered the plea bargain. 
Accordingly, we dismiss the appeal.



September 18, 2008

 DAVID WELLINGTON CHEW, Chief Justice


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)